# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **ETHEL CONERLY** | : | **CIVIL ACTION NO. 08-0723** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **HAROLD W. PEARSON, M.D.** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is a Motion to Dismiss for Failure to Prosecute filed by the intervenor defendant the Louisiana Patient's Compensation Fund ("the Fund"). Doc. 32. The motion is opposed by plaintiff Ethel Conerly. Doc. 38. For the following reasons the court recommends that the motion be **GRANTED** and the suit be dismissed with prejudice.

## I.
### FACTS AND PROCEDURAL BACKGROUND

In 2008 plaintiff filed a petition in state court alleging that defendant Dr. Harold Person committed medical malpractice. Doc. 2, pp. 7-10. The matter was removed to this court on May 23, 2008 on the basis of diversity jurisdiction. Doc. 2, pp. 1-5. In May 2009 the Fund filed a motion to intervene which was granted on June 6, 2009. Docs. 18, 19.

The matter was scheduled to proceed to jury trial on February 22, 2010; however, on October 8, 2009 the Fund filed a Suggestion of Bankruptcy as to Dr. Pearson and moved to stay the proceedings based on the bankruptcy proceeding pending in the Eastern District of Pennsylvania. Docs. 28, 29. The court granted the unopposed motion to stay on December 7, 2009. Doc. 30. The

last action taken in this matter, prior to the filing of the instant motion, was an order issued on February 18, 2010 which continued the trial without date. Doc. 31.

The Fund now moves to dismiss plaintiff's claims for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

## II.
### LAW AND ANALYSIS

Federal Rule of Civil Procedure 41(b) allows dismissal of an action for failure to prosecute. The district court can dismiss an action upon motion of a defendant or on its own motion. *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190–91 (5th Cir.1992). A dismissal under this rule "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). Rule 41(b) dismissals with prejudice are proper upon a showing of "a clear record of delay or contumacious conduct by the plaintiff" and "where lessor sanctions would not serve the best interest of justice." *Rogers v. Kroger Co.*, 669 F.2d 317, 320 (5th Cir.1982)(citations omitted). Although not required in every case, the court "usually" considers aggravating factors such as "the extent to which the plaintiff, as distinguished from his counsel, was personally responsible for the delay, the degree of actual prejudice to the defendant, and whether the delay was the result of intentional conduct." *Sealed Appellant v. Sealed Appellee,* 452 F.3d 415, 418 (5th Cir. 2006) (quoting *Roger v. Kroger Co.*, 669 F.2d at 320). A clear record of delay can be shown by significant periods of inactivity by the plaintiff. *See Harrelson v. United States*, 613 F.2d 114, 116 (5th Cir.1980)(affirming a dismissal with prejudice under Rule 41(b) when there was a 22 month period of inactivity).

The Fund asserts that a clear record of delay is present here because plaintiff has not filed any pleading or paper, sought discovery, or otherwise prosecuted her claim since October 2008.[1] The

---

[1] A Rule 26(f) report was the last pleading filed on October 30, 2008. Doc. 11. Since that pleading was filed plaintiff's counsel participated in two telephone scheduling conferences with the court, the last taking place on June 18, 2009. Docs. 13, 23.

Fund further submits that a lesser sanction would not better serve the interests of justice because there is no sanction that would force the prompt prosecution and resolution of this matter.  It asserts that plaintiff is charged with pursuing her claims and her willful inattention to this case calls for dismissal.  The Fund also points out that it has suffered actual prejudice in the fact that the underlying facts of this lawsuit occurred in March 2005, over twelve years ago.  This delay alone, it claims, creates prejudice in that evidence may be destroyed and witnesses' memories may fade.

In opposition plaintiff argues that since the case was stayed at the request of the Fund, she cannot be deemed to have caused a delay in prosecution.[2]  She asserts any failure to prosecute the case is due to the Fund failing to have the stay lifted and the intentional acts of defendant Dr. Pearson who has not been cooperative with the court in participating in conferences[3] and who has not made the court aware of a current address and/or contact information.[4]

The Fund, in reply, aptly points out that any party had the right to move to modify or lift the stay.  According to the Fund, plaintiff was notified of Dr. Pearson's bankruptcy discharge in 2010 and failed to take any action to pursue these claims and failed to even notify this court of this change in circumstance.[5]  Additionally, the Fund asserts that Dr. Pearson's conduct is not relevant to the issue of the reasonableness of plaintiff's delay.  The Fund notes that plaintiff fails to articulate exactly how Dr. Pearson's conduct impaired her right to proceed in this action.

We agree with the Fund.  We find that a clear record of delay is evident because plaintiff has failed to take any steps in the prosecution of her case for over 7 years since she was notified of the

---

[2] The Motion to Stay was filed by the Fund with no opposition from plaintiff.  Doc. 29.

[3] The record reflects that Dr. Pearson, who was proceeding pro se, failed to participate in a telephone scheduling conference on June 18, 2009.  Doc. 23.

[4] The court is not aware of any order which would require Dr. Pearson to provide the court with current contact information.

[5] Exhibit "A" attached to the Fund's motion is a copy of Dr. Pearson's Discharge of Debtor from the Bankruptcy Court for the Eastern District of Pennsylvania dated January 27, 2010 and a Certificate of Notice showing that plaintiff was mailed a copy of the document.  Doc. 40, att. 1, pp. 1-3.

discharge in bankruptcy.  It is plaintiff that is responsible for pursuing her cause of action and who must suffer the penalty of dismissal for failing to prosecute.  We also find that dismissal best serves the ends of justice because the length of inactivity has prejudiced the Fund's ability to adequately defend the suit.  As the Fund notes medical evidence and witness testimony may not have been preserved since the alleged misconduct took place in 2005.  Additionally, although unsubstantiated, the Fund submits that plaintiff passed away in March 2010.[6]  If plaintiff is in fact deceased, the court notes that no party has been properly substituted as required by law.  For all these reasons, we determine that dismissal with prejudice is warranted.

### III.
#### CONCLUSION

Based on the foregoing, the court recommends that the Motion to Dismiss for Failure to Prosecute [doc. 32] filed by the Fund be GRANTED.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.**

---

[6] As Exhibit "D" to the motion the Fund attaches an obituary notice for an Ethel Conerly published in the Leesville Daily Leader on March 30, 2010.  Doc.40, att. 1, p. 7.

THUS DONE AND SIGNED in Chambers this 6th day of October, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE